UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY TICER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>OJEDA, et al.,<br><br>　　　　Defendants. | 1:20-cv-01202-GSA-PC<br><br>**SCREENING ORDER**<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br><br>**(ECF No. 1.)**<br><br>**THIRTY DAYS TO FILE FIRST AMENDED COMPLAINT** |

**I.　BACKGROUND**

Timothy Ticer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. Plaintiff filed the Complaint commencing this action on August 26, 2020. (ECF No. 1.) The Complaint is now before the court for screening. 28 U.S.C. § 1915.

**II.　SCREENING REQUIREMENT**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III.  SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility and State Prison (SATF), in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants Chaplain Ojeda, Chaplain D. Hetebrinks, and Warden Stuart Sherman (collectively, "Defendants"). Defendants are all sued in their individual capacities.

A summary of Plaintiff's allegations follows:

Plaintiff is of Muslim faith and he embraced its five pillars, duties, and community prayers. Plaintiff is entitled to receive and have his religious service of Jumu'ah on Fridays.

Defendants Ojeda, Hetebrinks, and Sherman violated Plaintiff's religious rights by delaying and denying Jumu'ah services on Fridays. Plaintiff's religion requires community prayers, such as Jumu'ah on Fridays for Muslims, which is similar to services for Christian and Jewish faiths on Sundays and Saturdays, respectively.

Defendants refused to accommodate Plaintiff's religious services but will accommodate Christian and Jewish religious services. Plaintiff is being treated unequally. Defendants' conduct is discriminatory. Defendants treat Plaintiff differently than Jewish and Christian inmates without any rational basis for the disparate treatment.

Defendants denied Plaintiff the practice of his faith by denying his Jumu'ah services by preventing him from engaging in his duties and beliefs he sincerely believes in, consistent with his faith. Defendants violated Plaintiff's equal protection rights. Plaintiff's sincerely held religious beliefs are entitled to Constitutional protection. Plaintiff seeks declaratory relief stating that he is entitled to have his Jumu'ah services on Fridays while he is a CDCR inmate.

Plaintiff's Islam rights were violated in July, 9/6, 13, 20 and October 4, 2019 because Defendants denied Plaintiff his Jumu'ah services on Fridays. Defendants do not deny Christian and Jewish Inmates their religious services when they are participating in their religious belief. Plaintiff was similarly situated to Jewish and Christian inmates but was being treated unequally. Defendants' conduct was discriminatory. Defendants treated Plaintiff differently than Jewish and Christian inmates without any rational basis for the disparate treatment.

Plaintiff seeks as relief a declaratory judgment, monetary damages including punitive damages, costs of suit, and reasonable attorney's fees.

## IV.   PLAINTIFF'S CLAIMS

### A.   42 U.S.C. § 1986

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### 1.  **Equal Protection**

The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical

treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,"' (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges that the Jumu'ah Friday services for Muslims, which require community prayer, are similar to Saturday services for Jews and Sunday services for Christians. He alleges that Defendants Ojeda, Hetebrinks, and Sherman delayed and denied Jumu'ah services on Fridays, but they do not deny Christian and Jewish Inmates their religious services. Plaintiff claims that Defendants' conduct is discriminatory because they treat Plaintiff differently than Jewish and Christian inmates without any rational basis for the disparate treatment.

Plaintiff may be able to state an equal protection claim. However, he has not alleged facts showing that each of the individually named Defendants personally acted against him when he requested Jumu'ah Friday services. To state an equal protection claim, Plaintiff must demonstrate exactly how each of the individual Defendants exhibited their own personal conduct against him, either by action, inaction, or policy, with an intent or purpose to discriminate against Plaintiff because he is Muslim. Plaintiff must explain what happened on dates stated in the Complaint -- "July, 9/6, 13, 20 and October 4, 2019" -- , when and where it happened, who said or did what, indicating an intent to discriminate against Plaintiff because he is a Muslim, explaining how each of the Defendants treated similarly situated persons of other faiths differently. Plaintiff shall be granted leave to file an amended complaint curing the deficiencies in this claim identified by the court.

///

Thus, based on the foregoing, Plaintiff fails to state a claim for violation of his right to equal protection.

### 2. Free Exercise of Religion – First Amendment Claim

The First Amendment is made applicable to state action by incorporation through the Fourteenth Amendment. Everson v. Bd. of Educ. of Ewing Twp., 330 U.S. 1, 8 (1947). In order to establish a free exercise violation, a prisoner must show that a defendant substantially burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008); see, e.g., Bolds v. Cavazos, No. 14-15176, 599 Fed. Appx. 307 (9th Cir. March 20, 2015) (unpublished memorandum disposition) (dismissing Free Exercise Clause claim because inmate failed to show that confiscation of television "substantially burdened" the practice of religion). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015). *De minimis* or minor burdens on the free exercise of religion are not of a constitutional dimension, even if the belief upon which the exercise is based is sincerely held and rooted in religious belief. See e.g., Rapier v. Harris, 172 F.3d 999, 1006 n. 4 (7th Cir. 1999) (the unavailability of a non-pork tray for inmate at 3 meals out of 810 does not constitute more than a *de minimis* burden on inmate's free exercise of religion).

The "sincerity test," and not the centrality test, applies to prisoners' free-exercise claims. Penwell v. Holtgeerts, 386 F. App'x 665, 667 (9th Cir. 2010) (citing see Shakur, 514 F.3d at 884–85). Under the sincerity test, a prisoner's religious concern implicates the free exercise clause if it is (1) "sincerely held" and (2) "rooted in religious belief," rather than in secular philosophical concerns. Id. (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (quotations omitted); see also Shakur, 514 F.3d at 885 (adopting Malik's formulation of the sincerity test)).

A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests. See O'Lone v. Estate of Shabazz, 482 U.S.

342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Allegations of denial of an opportunity to practice religion "must be found reasonable in light of four factors: (1) whether there is a 'valid, rational connection' between the regulation and a legitimate government interest put forward to justify it; (2) 'whether there are alternative means of exercising the right that remain open to prison inmates'; (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation)." Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008) (citing Turner, 482 U.S. at 89-90); see Beard v. Banks, 548 U.S. 521, 532-33 (2006) (noting that application of the Turner factors does not turn on balancing the factors, but on determining whether the defendants show a reasonable relation, as opposed to merely a logical relation).

Here, Plaintiff has established that he is of the Muslim faith and has embraced its five pillars, duties, and community prayers. Thus, Plaintiff has demonstrated that his religious concern is sincerely held and rooted in religious belief and therefore implicates the free exercise clause. Plaintiff alleges that he was denied the opportunity to participate in Jumu'ah community prayer on Friday nights, required for Muslims, similar to prayer services for Christian and Jewish faiths on Sundays and Saturdays, respectively. This prevented him from engaging in duties and beliefs he sincerely believes in, consistent with his faith. Plaintiff gives at least five dates when he was denied Jumu'ah prayer meetings.

Plaintiff has shown that he sincerely identifies as a Muslim and that his practice of religion has been burdened by the denial of Jumu'ah community prayers on Fridays. However, to state a free exercise claim, Plaintiff must allege facts showing that his religious practice was "substantially" burdened, that it was more than just an inconvenience to him to miss a few Friday services. He must also allege that the cancellation of Friday services was not reasonably related to legitimate penological interests. As discussed above, Plaintiff must allege *facts* showing how each of the individual Defendants, by name, personally acted against him by action, inaction or policy, substantially burdening his practice of religion. Plaintiff shall be granted leave to amend the complaint to cure the deficiencies in this claim.

///

Therefore, Plaintiff fails to state a claim that his rights to freely exercise his religion under the First Amendment were violated.

**B.     RLUIPA – Right to Practice Religion**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise[1] of a person residing in or confined to an institution . . ., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person:
>
> (1)     is in furtherance of a compelling government interest; and
>
> (2)     is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.

"RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005). "RLUIPA disallows policies that impose 'a substantial burden on . . . religious exercise' unless the burden 'furthers "a compelling governmental interest," and does so by "the least restrictive means."'" Alvarez v. Hill, 518 F.3d 1152 (9th Cir. 2008) (quoting id. at 994 quoting 42 U.S.C. § 2000cc–1(a)). A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise. San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034–35 (9th Cir. 2004). The Supreme Court has found a substantial burden "where the state denies an important benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." Warsoldier, 418 F.3d at 995 (quoting Thomas v. Review Bd. of the Ind. Employment Sec. Div., 450 U.S. 707, 717–18 (1981)). In any RLUIPA claim, one must first identify the "religious exercise" allegedly

---

[1] "Congress defined 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" Holt v. Hobbs, 135 S.Ct. 853, 860, 190 L.Ed.2d 747 (2015). (quoting § 2000cc-5(7)(A)). In fact, RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion." Cutter v. Wilkinson, 544 U.S. 709, 725 n.13, 125 S.Ct. 2113, 161 L.Ed. 1020 (2005) (overruling Establishment Clause to RLUIPA).

impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008). "Courts are expected to apply RLUIPA's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1124-25 (9th Cir. 2013) (citing Cutter v. Wilkinson, 544 U.S. 709, 723, 125 S.Ct. 2325 (2003)) (internal quotation marks omitted).

Money damages are not available under RLUIPA against the state or state officials sued in their official capacities, Sossamon v. Texas, 563 U.S. 277, 279, 131 S.Ct. 1651, 1655 (2011), and RLUIPA does not contemplate liability of government employees in their individual capacity. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014). Thus, a RLUIPA claim may proceed only for declaratory or injunctive relief against defendants acting within their official capacities.

Plaintiff fails to state a claim for monetary damages for violation of RLUIPA. He requests monetary damages, which are not available in a RLUIPA claim. Moreover, although he has requested a declaratory judgment, he is not suing any of the Defendants in their official capacities. He states in the Complaint that he is only suing Defendants in their individual capacities, which is not allowed in a RLUIPA claim. Plaintiff shall be granted leave to amend this claim to correct the deficiencies in his RLUIPA claim identified by the court, if he can do so in good faith.

Thus, Plaintiff fails to state a claim for violation of RLUIPA.

**C.    Relief**

In addition to monetary damages and costs of suit, Plaintiff requests a declaratory judgment and attorney fees.

Plaintiff's request for declaratory relief should be denied because it is subsumed by Plaintiff's damages claim. See Rhodes v. Robinson, 408 F.3d 559, 565-66 n.8 (9th Cir. 2005) (because claim for damages entails determination of whether officers' alleged conduct violated

plaintiff's rights, the separate request for declaratory relief is subsumed by damages action); see also Fitzpatrick v. Gates, No. CV 00-4191-GAF (AJWx), 2001 WL 630534, at *5 (C.D. Cal. Apr. 18, 2001) ("Where a plaintiff seeks damages or relief for an alleged constitutional injury that has already occurred declaratory relief generally is inappropriate[.]")

With regard to attorney's fees, "[i]n any action or proceeding to enforce a provision of section[] 1983. . . , the court, in its discretion, may allow the prevailing party. . . reasonable attorney's fees. . . ." 42 U.S.C. § 1988(b). However, Plaintiff's contention that he is entitled to attorney's fees if he prevails is without merit. Plaintiff is representing himself in this action. Because Plaintiff is not represented by an attorney, he is not entitled to recover attorney's fees if he prevails. See Friedman v. Arizona, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute as stated in Warsoldier, 418 F.3d 989; Gonzalez v. Kangas, 814 F.2d 1411, 1412 (9th Cir. 1987); see also Rickley v. Cnty. of Los Angeles, 654 F.3d 950, 954 (9th Cir. 2011) ("The Court accordingly adopted a per se rule, categorically precluding an award of attorney's fees under § 1988 to a *pro se* attorney-plaintiff.")

**V.  CONCLUSION**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable § 1983 or RLUIPA claims in the Complaint against any of the individual Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Plaintiff shall be granted leave file a First Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal at 678 (quoting Twombly, 550 U.S. at 555). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Plaintiff must demonstrate that each Defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff should note that although he has been given the opportunity to amend, it is not for the

purpose of adding new defendants for unrelated issues. Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on August 26, 2020.

Plaintiff is advised that an amended complaint supersedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superseded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Based on the foregoing, the court finds that Plaintiff fails to state any cognizable claims in the Complaint against any of the Defendants upon which relief may be granted under § 1983 or RLUIPA;
2. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to amend within **thirty (30) days** from the date of service of this order;
3. The Clerk's Office shall send Plaintiff a civil rights complaint form;
4. Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:20-cv-00892-NONE-GSA-PC; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed.

IT IS SO ORDERED.

Dated:   **November 1, 2021**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE