UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY TICER,<br><br>            Plaintiff,<br><br>     vs.<br><br>OJEDA, et al.,<br><br>            Defendants. | 1:20-cv-01202-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>    **AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF No. 15.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.    BACKGROUND**

Timothy Ticer ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983, which include claims of violation of Equal Protection, First Amendment Free Exercise, and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. Plaintiff filed the Complaint commencing this action on August 26, 2020. (ECF No. 1.) On November 2, 2021,

1

the Court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On December 20, 2021, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 15.) 28 U.S.C. § 1915.

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.    SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison (CSP), in Corcoran, California. The events at issue in the First Amended Complaint allegedly occurred at the California Substance Abuse Treatment Facility and State Prison (SATF) in Corcoran, California, when

Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants Chaplain Ojeda, Chaplain D. Hentebrink, and Warden Stuart Sherman (collectively, "Defendants").

A summary of Plaintiff's allegations follows:

Plaintiff practices the Muslim faith and is on the approved list for Jumu'ah Muslim Services. Plaintiff asserts that he is entitled to receive and have his religious service of Jumu'ah, which consists of a community prayer required by the Muslim faith. Defendants Ojeda, Hentebrink, and Sherman denied Plaintiff his prayer services with no accommodation to allow Muslim inmates to conduct Jumu'ah services in an area that will hold the community of Muslim inmates. Defendants granted 602 Appeal #06198, telling Plaintiff that Jumu'ah services would be accommodated, but they never were. Defendants conspired and decided together, or acted alone individually, to refuse Plaintiff his religious services.

Defendants therefore violated the First, Eighth, Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). Defendants participated in a scheme of preferential treatment implementation whereby they did not allow persons of the Muslim faith to practice their religion the same as persons of the Christian and Jewish Faiths. Defendants Ojeda, Hentebrink, and Sherman denied Muslims their Jumu'ah Services but allowed those of the Christian and Jewish faiths to have theirs.

Plaintiff seeks injunctive relief and punitive and exemplary damages.

## IV. PLAINTIFF'S CLAIMS

### A. 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a

method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### 1. Claims Against the Prison Chaplain Defendants

Two of Plaintiff's named Defendants, Ojeda and D. Hentebrink, are identified as Chaplains employed at SATF. To state a claim under either 42 U.S.C. § 1983 or RLUIPA, a plaintiff must allege that a defendant violated his rights while acting "under color of state law." Uhuru v. Bonnifield, No. 219CV10449JVSKES, 2020 WL 2219208, at *4 (C.D. Cal. Jan. 28, 2020) (quoting Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921-22 (9th Cir.

4

2011)). "[A] prison chaplain . . . is not a state actor when he engages in inherently ecclesiastical functions (that is, when he performs spiritual duties as a leader in his church)." Id. at 925 (quoting Montano v. Hedgepeth, 120 F.3d 844, 851 (8th Cir. 1997)); see also Uhuru v. Moskowitz, No. 07-07109-JVS (VBK), 2009 U.S. Dist. LEXIS 134433 at *19-24, 2009 WL 2020758 at *8-9 (C.D. Cal. May 28, 2009) (relying on Montano), report & recommendation adopted at 2009 U.S. Dist. LEXIS 58089, 2009 WL 2020758 (C.D. Cal. July 6, 2009).

In the Court's first screening order issued on November 2, 2021, the Court informed Plaintiff that he did not allege sufficient facts in the original Complaint, that Plaintiff's complaint failed to include facts to show how **each** of the named Defendants personally acted against him, stated that he must explain what happened, when and where it happened, who said or did what. Again, in the First Amended Complaint, Plaintiff has failed to explain Defendants' actions in denying him religious services, including when and where it happened, and who said or did what. Just as importantly, Plaintiff's allegations against the two chaplain defendants are so vague that it is unclear if Plaintiff challenges their decisions concerning purely ecclesiastical functions, such as how to conduct worship services, or another type of decision.

Therefore, Plaintiff fails to state a cognizable claim against either of the prison chaplains.

### 2. Warden – Personal Participation

Plaintiff names Warden Sherman, who holds a supervisory position, as a Defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75(9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

As in Plaintiff's original Complaint, Plaintiff fails to state how Defendant Warden Sherman personally participated in the violations at issue. Plaintiff also fails to explain what

Warden Sherman individually did that violated Plaintiff's rights. Therefore, Plaintiff fails to state any claims in the First Amended Complaint against Defendant Warden Sherman.

///

### 3.     Equal Protection

The Equal Protection Clause requires the State to treat all similarly situated people equally. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). This does not mean, however, that all prisoners must receive identical treatment and resources. See Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972); Ward v. Walsh, 1 F.3d 873, 880 (9th Cir. 1993); Allen v. Toombs, 827 F.2d 563, 568–69 (9th Cir. 1987).

"To prevail on an Equal Protection claim brought under § 1983, Plaintiff must allege facts plausibly showing that '"the defendants acted with an intent or purpose to discriminate against [them] based upon membership in a protected class,"' (citing see Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff fails to state an equal protection claim. Again, in the Court's first screening order issued on November 2, 2021, the Court informed Plaintiff that he did not alleged facts in the original Complaint showing how **each** of the named Defendants personally acted against him when he requested Jumu'ah services. Plaintiff has failed to demonstrate how each of the individual Defendants exhibited **their own personal conduct** against him with an intent or purpose to discriminate against Plaintiff because he is Muslim. Plaintiff has failed to explain each individual Defendants' actions in denying him religious services, including when and where it happened, and who said or did what, indicating an intent to discriminate against Plaintiff because he is a Muslim. Nor did Plaintiff explain in any detail, other than by pure assertions,

how the Defendants treated similarly situated persons of the Christian and Jewish faiths differently.

Thus, based on the foregoing, Plaintiff fails to state a claim for violation of his right to equal protection.

///

### 4. Free Exercise of Religion – First Amendment Claim

The First Amendment is made applicable to state action by incorporation through the Fourteenth Amendment. Everson v. Bd. of Educ. of Ewing Twp., 330 U.S. 1, 8 (1947). In order to establish a free exercise violation, a prisoner must show that a defendant substantially burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008); see, e.g., Bolds v. Cavazos, No. 14-15176, 599 Fed. Appx. 307 (9th Cir. March 20, 2015) (unpublished memorandum disposition) (dismissing Free Exercise Clause claim because inmate failed to show that confiscation of television "substantially burdened" the practice of religion). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." Jones v. Williams, 791 F.3d 1023, 1031-32 (9th Cir. 2015). *De minimis* or minor burdens on the free exercise of religion are not of a constitutional dimension, even if the belief upon which the exercise is based is sincerely held and rooted in religious belief. See e.g., Rapier v. Harris, 172 F.3d 999, 1006 n. 4 (7th Cir. 1999) (the unavailability of a non-pork tray for inmate at 3 meals out of 810 does not constitute more than a *de minimis* burden on inmate's free exercise of religion).

The "sincerity test," and not the centrality test, applies to prisoners' free-exercise claims. Penwell v. Holtgeerts, 386 F. App'x 665, 667 (9th Cir. 2010) (citing see Shakur, 514 F.3d at 884–85). Under the sincerity test, a prisoner's religious concern implicates the free exercise clause if it is (1) "sincerely held" and (2) "rooted in religious belief," rather than in secular philosophical concerns. Id. (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994) (quotations omitted); see also Shakur, 514 F.3d at 885 (adopting Malik's formulation of the sincerity test)).

A prison regulation that impinges on an inmate's First Amendment rights is valid if it is reasonably related to legitimate penological interests. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Allegations of denial of an opportunity to practice religion "must be found reasonable in light of four factors: (1) whether there is a 'valid, rational connection' between the regulation and a legitimate government interest put forward to justify it; (2) 'whether there are alternative means of exercising the right that remain open to prison inmates;' (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation)." Pierce v. County of Orange, 526 F.3d 1190, 1209 (9th Cir. 2008) (citing Turner, 482 U.S. at 89-90); see Beard v. Banks, 548 U.S. 521, 532-33 (2006) (noting that application of the Turner factors does not turn on balancing the factors, but on determining whether the defendants show a reasonable relation, as opposed to merely a logical relation).

Here, Plaintiff has established that he is of the Muslim faith, and therefore implicates the free exercise clause. Plaintiff alleges that he was denied the opportunity to participate in Jumu'ah community prayer as required for Muslims. This prevented Plaintiff from engaging in duties and beliefs he sincerely believes in, consistent with his faith.

However, to state a free exercise claim, Plaintiff must allege facts showing that his religious practice was "substantially" burdened, and that it was more that the failure to offer such services to him to miss Jumu'ah services. Nor has he alleged that the failure to provide such services was not reasonably related to legitimate penological interests. Plaintiff fails to allege *facts* in the First Amended Complaint showing how **each** of the individual Defendants, by name, **personally and individually acted** against him, substantially burdening his practice of religion.

Therefore, Plaintiff fails to state a claim that his rights to freely exercise his religion under the First Amendment were violated.

### 5. Conspiracy

Conspiracy under § 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002) (internal

quotation marks omitted) (quoting United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989)), and that an "'actual deprivation of his constitutional rights resulted from the alleged conspiracy,'" Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, 866 F.2d 1121, 1126 (9th Cir. 1989) ). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steelworkers, 865 F.2d at 1541). A plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate the plaintiff's constitutional rights. Miller v. Cal. Dep't of Soc. Servs., 355 F.3d 1172, 1177 n.3 (9th Cir. 2004) (citing Woodrum, 866 F.2d at 1126). The mere statement that defendants "conspired" or acted "in retaliation" is not sufficient to state a claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

The Ninth Circuit requires a plaintiff alleging a conspiracy to violate civil rights to "state specific facts to support the existence of the claimed conspiracy." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004) (citation and internal quotation marks omitted) (discussing conspiracy claim under § 1985); Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989) ("To state a claim for conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." (citation omitted) ).

Plaintiff's allegations of conspiracy under § 1983 fail to state a claim because his allegations are conclusory and merely speculative. He alleges that Defendants "conspired and decided together, or acted alone individually, to refuse Plaintiff his religious services." Plaintiff does not provide any specific facts that show that any of the Defendants had an agreement to discriminate against him or violate his religious rights. There are absolutely no facts indicating an agreement between any of the Defendants to conspire against Plaintiff. Therefore, Plaintiff fails to state a claim for conspiracy.

    **6.**    **Injunctive Relief**

In addition to monetary damages, Plaintiff requests injunctive relief. Plaintiff has been transferred from SATF to a CSP, and has not alleged facts demonstrating that there is a reasonable expectation that he will be transferred back to SATF. This moots his claims for injunctive relief. Uhuru, 2020 WL 2219208, at *3 (citing see Johnson v. Moore, 948 F.2d 517,

///

519 (9th Cir. 1991) (per curiam); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007)).

Therefore, Plaintiff fails to state a claim for injunctive relief.

**B.      RLUIPA – Right to Practice Religion**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise[1] of a person residing in or confined to an institution . . ., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person:
>
> (1)    is in furtherance of a compelling government interest; and
>
> (2)    is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1.

"RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Warsoldier v. Woodford, 418 F.3d 989, 995 (9th Cir. 2005). "RLUIPA disallows policies that impose 'a substantial burden on . . . religious exercise' unless the burden 'furthers "a compelling governmental interest," and does so by "the least restrictive means."'" Alvarez v. Hill, 518 F.3d 1152 (9th Cir. 2008) (quoting id. at 994 quoting 42 U.S.C. § 2000cc–1(a)). A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise. San Jose Christian College v. City of Morgan Hill, 360 F.3d 1024, 1034–35

---

[1] "Congress defined 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" Holt v. Hobbs, 135 S.Ct. 853, 860, 190 L.Ed.2d 747 (2015). (quoting § 2000cc-5(7)(A)). In fact, RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's religion." Cutter v. Wilkinson, 544 U.S. 709, 725 n.13, 125 S.Ct. 2113, 161 L.Ed. 1020 (2005) (overruling Establishment Clause to RLUIPA).

(9th Cir. 2004). The Supreme Court has found a substantial burden "where the state denies an important benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." Warsoldier, 418 F.3d at 995 (quoting Thomas v. Review Bd. of the Ind. Employment Sec. Div., 450 U.S. 707, 717–18 (1981)). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008). "Courts are expected to apply RLUIPA's standard with due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources." Hartmann v. CDCR, 707 F.3d 1114, 1124-25 (9th Cir. 2013) (citing Cutter v. Wilkinson, 544 U.S. 709, 723, 125 S.Ct. 2325 (2003)) (internal quotation marks omitted).

Money damages are not available under RLUIPA against the state or state officials sued in their official capacities, Sossamon v. Texas, 563 U.S. 277, 279, 131 S.Ct. 1651, 1655 (2011), and RLUIPA does not contemplate liability of government employees in their individual capacity. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014). Thus, a RLUIPA claim may proceed only for declaratory or injunctive relief against defendants acting within their official capacities.

Therefore, Plaintiff cannot state a claim for monetary damages for a violation of RLUIPA. As well, and as discussed above in this order, his request for injunctive relief is moot because he has been transferred from SATF to CSP.

Therefore, Plaintiff fails to state a claim for violation of RLUIPA.

## V.    CONCLUSION, ORDER, AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable § 1983 or RLUIPA claims in the Complaint against any of the individual Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." However, a district court may deny leave to amend when amendment would be futile." Hartmann, 707 F.3d at 1130. In this action, the Court previously granted

Plaintiff an opportunity to amend the complaint, with guidance by the Court.   Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983 or RLUIPA.  The Court finds that the deficiencies outlined above are not capable

///

of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY ORDERED** that the Clerk of Court randomly assign a United States District Judge to this case;

**AND**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be dismissed, with prejudice, for failure to state a claim; and

2. The Clerk be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 23, 2022**             **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE